IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD W. FULLEN and                    *
MICHELLE FULLEN, his wife
1442 South 2nd Avenue                     *
Walla Walla, WA 99362
                                          *

      Plaintiffs                          *

v.                                              CASE NO.:  GJH-17-CV-207
                                          *

3M COMPANY                                *
3M Center
St. Paul, MN 55101                        *
**Serve: The Corporation Trust Incorporated**   *
      **351 West Camden Street**
      **Baltimore, MD 21201**             *


THE BOEING COMPANY                        *
100 North Riverside
Chicago, IL 60606                         *
**Serve: CSC-Lawyers Incorporating**
      **Service Company**                 *
      **7 St. Paul Street, Suite 820**
      **Baltimore, MD 21202**             *


CBS CORPORATION, a Delaware Corporation   *
f/k/a VIACOM, INC., Successor by merger to
CBS CORPORATION, a Pennsylvania Corp.     *
f/k/a WESTINGHOUSE ELECTRIC CORP.
51 West 52nd Street                       *
New York, NY 10019
**Serve: Corporation Service Company**    *
      **2595 Interstate Drive, Suite 103**
      **Harrisburg, PA 17110**            *


DANA COMPANIES, LLC                       *
900 West South Boundary Street, Suite 8A
Perrysburg, OH 43551                      *
**Serve: CT Corporation System**
      **4701 Cox Road, Suite 285**        *
      **Glen Allen, VA 23060**

                                          *

DEXTER HYSOL AEROSPACE, LLC
2200 Renaissance Blvd.                                    *
King of Prussia, PA 19406-2755
**Serve: Corporation Service Company**                   *
      **2711 Centerville Road, Suite 400**
      **Wilmington, DE 19808**                          *


EATON AEROQUIP LLC                                       *
100 Eaton Blvd.
Cleveland, OH 44122                                      *
**Serve: The Corporation Trust Incorporated**
      **351 West Camden Street**                         *
      **Baltimore, MD 21201**
                                                       *

EATON CORPORATION, f/k/a Eaton Electrical, Inc.
as successor-in-interest to Cutler Hammer, Inc.          *
100 Erieview Plaza
Cleveland, OH 44114                                      *
**Serve: The Corporation Trust Incorporated**
      **351 West Camden Street**                         *
      **Baltimore, MD 21201**
                                                       *

FLAME MASTER FIRE PROTECTION, INC.
7319 Oak Park Ave.                                       *
Van Nuys, CA 91406
**Serve: Nowzar A. Mohebbi**                             *
      **7319 Oak Park Ave.**
      **Van Nuys, CA 91406**                            *


GENERAL ELECTRIC COMPANY                                 *
1 River Road
Schenectady, NY 12305                                    *
**Serve: The Corporation Trust Incorporated**
      **351 West Camden Street**                         *
      **Baltimore, MD 21201**
                                                       *

THE GOODYEAR TIRE & RUBBER COMPANY
1144 East Market Street                                  *
Akron, Ohio 44316
**Serve: CSC-Lawyers Incorporating Service Company**     *
      **7 St. Paul Street, Suite 820**
      **Baltimore, MD 21202**                           *

LOCKHEED MARTIN CORPORATION                    *
6801 Rockledge Dr.
Bethesda, MD 20817                             *
**Serve: CSC-Lawyers Incorporating Service Company**
       **7 St. Paul Street, Suite 820**          *
       **Baltimore, MD 21202**
                                                 *

IMO INDUSTRIES INC.
200 American Metro Blvd., Suite 111            *
Hamilton, NJ 08619
**Serve: The Corporation Trust Incorporated**   *
       **351 West Camden Street**
       **Baltimore, MD 21201**                    *

ITT INC.                                       *
1133 Westchester Ave., Suite N300
White Plains, NY 10604                          *
**Serve: CT Corporation System**
       **111 Eighth Avenue**                      *
       **New York, NY 10011**
                                                 *

PARKER-HANNIFIN CORPORATION
6035 Parkland Blvd.                             *
Cleveland, OH 44124
**Serve: The Corporation Trust Incorporated**   *
       **351 West Camden Street**
       **Baltimore, MD 21201**                    *

PPG INDUSTRIES, INC.                           *
310 Grant Street, Suite 2200
Pittsburgh, PA 15219                            *
**Serve: The Prentice-Hall Corporation System**
       **7 St. Paul Street, Suite 820**          *
       **Baltimore, MD 21202**
                                                 *

PRATT & WHITNEY, A UNITED
TECHNOLOGIES CORP. COMPANY                      *
1 Financial Plaza
Hartford, CT 06101                              *
**Serve: The Corporation Trust Incorporated**
       **351 West Camden Street**                 *
       **Baltimore, MD 21201**
                                                 *

ROLLS-ROYCE NORTH AMERICA HOLDINGS INC.
1875 Explorer Street, Suite 200                              *
Reston, VA 20190
**Serve: Corporation Service Company**                       *
      **Bank of America Center, 16th Floor**
      **1111 East Main Street**                               *
      **Richmond, VA 23219**
                                                             *

SCHNEIDER ELECTRIC USA, INC.
(f/k/a Square D Company)                                      *
1415 S. Roselle Road
Palatine, IL 60067                                           *
**Serve: CSC-Lawyers Incorporating Service Company**
      **7 St. Paul Street,**                                  *
      **Suite 820**
      **Baltimore, MD 21202**                                 *

UNION CARBIDE CORPORATION                                    *
7501 State Highway 185 North
Seadrift, TX 77983                                           *
**Serve: The Corporation Trust Incorporated**
      **351 West Camden Street**                              *
      **Baltimore, MD 21201**
                                                             *

UTC AEROSPACE SYSTEMS
Four Coliseum Centre                                         *
2730 West Tyvola Road
Charlotte, NC 28217                                          *
**Serve: President/Resident Agent**
      **Four Coliseum Centre**                                *
      **2730 West Tyvola Road**
      **Charlotte, NC 28217**                                 *

      Defendants.                                            *

*   *   *   *   *   *   *   *   *   *   *   *   *

## FIRST AMENDED CIVIL ACTION COMPLAINT
### and Demand for Jury Trial

Plaintiffs, Richard W. Fullen and Michelle Fullen, sue the above-named Defendants for compensatory and punitive damages and alleges as follows:

## PARTIES

1.      Plaintiffs, Richard W. Fullen and Michelle Fullen, are citizens and residents of the city of Walla Walla, Washington.

2.      Defendant, 3M Company, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Minnesota.  At all times material hereto, 3M Company developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing adhesives.  3M Company has done and does business in Maryland.

3.      Defendant, The Boeing Company, was and is a company incorporated under the laws of the State of Delaware _with its principal place of business in Illinois.  At all times material hereto, The Boeing Company developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing aircraft.   The Boeing Company has done and does business in Maryland.

4.      Defendant, CBS CORPORATION, a Delaware Corporation (f/k/a Viacom, Inc., Successor by merger to CBS Corporation, a Pennsylvania Corp., f/k/a Westinghouse Electric Corp.).  CBS Corporation was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York.   At all times material hereto, Westinghouse Electric Corp. developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing electrical components.  CBS Corporation has done and does business in Maryland.

5.      Defendant, Dana Companies, LLC, was and is a company incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Ohio.  At all times material hereto, Dana Companies, LLC developed, manufactured, marketed, distributed and/or sold

asbestos-containing products including, but not limited to, asbestos-containing gaskets.   Dana Companies, LLC has done business in Maryland.

6.      Defendant, Dexter Hysol Aerospace LLC, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Pennsylvania.   At all times material hereto, Dexter Hysol Aerospace LLC developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing sealants/adhesives.

7.      Defendant, Eaton Aeroquip LLC, was and is a company incorporated under the laws of the State of Ohio with its principal place of business in Ohio.  At all times material hereto, Eaton Aeroquip LLC developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing fire sleeves.  Eaton Aeroquip LLC has done and does business in Maryland.

8.      Defendant, Eaton Corporation (f/k/a Eaton Electrical, Inc. as successor-in-interest to Cutler Hammer, Inc.), was and is a company incorporated under the laws of the State of Ohio with its principal place of business in Ohio.  At all times material hereto, Cutler Hammer, Inc. developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing control panels.  Eaton Corporation (f/k/a Eaton Electrical, Inc. as successor-in-interest to Cutler Hammer, Inc.) has done and does business in Maryland.

9.      Defendant, Flame Master Fire Protection, Inc., was and is a company incorporated under the laws of the State of California with its principal place of business in California.  At all times material hereto, Flame Master Fire Protection Inc. developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing aircraft parts.

10.     Defendant, General Electric Company, was and is a company incorporated under the laws of the State of New York with its principal place of business in New York.  At all times material hereto, General Electric Company developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing engines and aircraft parts.  General Electric Company has done and does business in Maryland.

11.     Defendant, The Goodyear Tire & Rubber Company, was and is a company incorporated under the laws of the State of Ohio with its principal place of business in Ohio.  At all times material hereto, The Goodyear Tire & Rubber Company developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing brakes.  The Goodyear Tire & Rubber Company has done and does business in Maryland.

12.     Defendant, Lockheed Martin Corporation, was and is a company incorporated under the laws of the State of Maryland with its principal place of business in Maryland.  At all times material hereto, Lockheed Martin Corporation developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing aircraft frame and components.  Lockheed Martin Corporation has done and does business in Maryland.

13.     Defendant, IMO Industries Inc., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey.  At all times material hereto, IMO Industries Inc. developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing clamps.  IMO Industries Inc. has done and does business in Maryland.

14.     Defendant, ITT Inc., was and is a company incorporated under the laws of the State of Indiana with its principal place of business in New York.  At all times material hereto, ITT Inc.

developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing valves and gaskets.  ITT Inc. has done business in Maryland.

15.     Defendant, Parker-Hannifin Corporation, was and is a company incorporated under the laws of the State of Ohio with its principal place of business in Ohio.  At all times material hereto, Parker-Hannifin Corporation developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing fire sleeves.  Parker-Hannifin Corporation has done and does business in Maryland.

16.     Defendant, PPG Industries, Inc., was and is a company incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania.  At all times material hereto, PPG Industries, Inc. developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing sealants.  PPG Industries, Inc. has done and does business in Maryland.

17.     Pratt & Whitney, a United Technologies Corp. Company, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Connecticut.  At all times material hereto, Pratt & Whitney developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing aircraft engines.  Pratt & Whitney has done and does business in Maryland.

18.     Defendant, Rolls-Royce North America Holdings, Inc., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Virginia.  At all times material hereto, Rolls-Royce North America Holdings Inc. developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing engines.  Rolls-Royce North America Holdings, Inc. has done business in Maryland.

19.     Defendant, Schneider Electric USA, Inc. (f/k/a Square D Company), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Illinois.   At all times material hereto, Square D Company developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing control panels.   Schneider Electric USA, Inc. (f/k/a Square D Company) has done and does business in Maryland.

20.     Defendant, Union Carbide Corporation, was and is a company incorporated under the laws of the State of New York with its principal place of business in Texas.   At all times material hereto, Union Carbide Corporation developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing circuit boards and electrical components.   Union Carbide Corporation has done and does business in Maryland.

21.     Defendant, UTC Aerospace Systems, was and is a company incorporated under the laws of the State of North Carolina with its principal place of business in North Carolina.   At all times material hereto, UTC Aerospace Systems developed, manufactured, marketed, distributed and/or sold asbestos-containing products including, but not limited to, asbestos-containing aircraft engines.

22.     Plaintiffs bring this action for monetary damages as a result of Plaintiff Richard W. Fullen contracting an asbestos-related disease. Plaintiff Richard W. Fullen was diagnosed with mesothelioma in May 2016.

23.     Plaintiff Richard W. Fullen was wrongfully exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, as described below:

(a)     Plaintiff Richard W. Fullen used asbestos-containing products during the course of his work as an aircraft mechanic in the United States Air Force from 1994 to 2016.

24.     At all times pertinent hereto, the Defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said Defendant.

25.     At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos-containing products either directly or indirectly to Plaintiff Richard W. Fullen or to such other entities so that these products were caused to be used by Plaintiff Richard W. Fullen.

## JURISDICTION AND VENUE

26.     This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in Maryland, and/or at all material times are or have been engaged in business in Maryland.

27.     Venue is proper in this judicial district pursuant to 28 U.S.C.A. §1391(b)(3).

28.     Further, this Court has jurisdiction over the parties pursuant to 28 U.S.C.A. §1332 because the parties to the suit are completely diverse in that all of the Defendants are not citizens of the same state as Plaintiffs.   The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

29.     Plaintiffs have satisfied all conditions precedent to the filing of this action.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

30.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

31.     At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos-containing products.

32.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos-containing products to be placed in the stream of interstate commerce with the result that said asbestos-containing products came into use by Plaintiff Richard W. Fullen.

33.     Plaintiff Richard W. Fullen served in the United States Air Force from 1994 until 2016, when he was compelled to mandatorily retire from the United States Air Force due to his mesothelioma.  Mr. Fullen served in the Air Force as an aircraft mechanic and personally used and was exposed to the asbestos-containing products mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants.

34.     Plaintiff Richard W. Fullen was exposed to Defendants' asbestos-containing products which directly and proximately caused him to develop an illness known and designated as mesothelioma.

35.     Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn Plaintiff Richard W. Fullen and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

36.     Plaintiff Richard W. Fullen used asbestos-containing products that were manufactured, processed, distributed, supplied and/or sold by Defendants.  Defendants knew or

should have known that persons, such as Plaintiff Richard W. Fullen, would come into contact with and would use said products.

37.     Plaintiff Richard W. Fullen sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care.  Plaintiff Richard W. Fullen's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that Defendants manufactured, processed, sold, supplied or otherwise put said asbestos-containing products into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff Richard W. Fullen's body, lungs, respiratory system, skin, health, and general well-being.  Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff Richard W. Fullen would not know of such danger to his health.

38.     Plaintiff Richard W. Fullen's illness and/or disabilities are the direct and proximate result of the negligence and carelessness of Defendants in that even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos-containing products were deleterious, poisonous, and highly harmful to Plaintiff Richard W. Fullen's body, lungs, respiratory system, skin, and health, Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)     Failed to advise Plaintiff Richard W. Fullen of the dangerous characteristics of its asbestos-containing products;

(b)     Failed or omitted to provide Plaintiff Richard W. Fullen with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth there

were any, to be able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing products;

(c)     Failed and omitted to place any warnings or sufficient warnings on its containers, and failed to provide adequate product inserts, informative brochures or other written materials in its containers of said asbestos-containing products to warn the handlers of the dangers to health in coming in contact with said asbestos-containing products;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing products;

(e)     Inadequately warned, if in fact Defendants warned at all, persons such as Plaintiff Richard W. Fullen of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos-containing products;

(f)     Did not recommend methods to improve the environment where exposure occurred;

(g)     Did not develop alternative products;

(h)     Failed to adequately test and research its products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed persons such as Plaintiff Richard W. Fullen;

(i)     Failed to inspect the environment in which their products were being used to determine whether the products being used were deleterious to the health of exposed persons;

(j)    Failed to design and process its products in a manner intended to minimize exposure;

(k)    Failed to specify and market its products on the express agreement that necessary controls and practices would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(l)    Failed to recall its defective product or manufacture a reasonably safer alternative;

(m)    Continued to use a known cancer-causing product, to-wit:  asbestos;

(n)    After discovering that asbestos exposure caused a progressive lung disease, the Defendants did not inform Plaintiff Richard W. Fullen of the need for monitoring and periodic evaluations up to and including the filing of this complaint; and

(o)    Otherwise failed to act reasonably under the totality of the circumstances.

39.    Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos-containing products into the stream of commerce, knew, or in the exercise of reasonable care should have known, about the risks associated with its products.  The products in question were defective at the time they left the control of the Defendants.

40.    Defendants were negligent and breached their duty of due care to Plaintiff Richard W. Fullen by taking or failing to take the actions as previously alleged to avoid harm to Plaintiff Richard W. Fullen and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, and/or distribution of the asbestos-containing products at issue in the stream of commerce.

41.     The hazards posed by exposure to asbestos-containing products and the resulting injuries and damages to Plaintiff Richard W. Fullen were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

42.     Subsequent to its initial sale of its asbestos-containing products to Plaintiff Richard W. Fullen, Defendant continued to accumulate additional knowledge regarding the hazards of its products.

43.     Defendants had a continuing duty to provide post-sale warnings of dangers associated with its products to users.

44.     At the time the asbestos-containing products left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that they knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as Plaintiff Richard W. Fullen.  In the alternative, after the asbestos-containing products left Defendants' control, Defendants became aware of or in the exercise of ordinary care should have known that its products posed a substantial risk of harm to a reasonably foreseeable user, such as Plaintiff Richard W. Fullen, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

45.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, Plaintiff Richard W. Fullen developed mesothelioma as a consequence of which, through no fault of his own, he was severely injured, disabled and damaged.

46.     As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

## SECOND CAUSE OF ACTION
## STRCT LIABILITY –DESIGN DEFECT, MANUFACTURING DEFECT, AND FAILURE TO WARN

47.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

48.     At all material times, Defendants were engaged in the manufacture, distribution, supply, sale, assembly, production, construction, and/or specification of asbestos-containing products.

49.     Defendants, acting through their agents, servants, and/or employees, placed in the stream of commerce asbestos products designed, manufactured, distributed, marketed, and/or sold by Defendants that were defective, unsafe and unreasonably dangerous for their intended and/or foreseeable use with the result that said asbestos-containing products came into use by Plaintiff Richard W. Fullen.

50.     Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective, and/or a duty to warn Plaintiff Richard W. Fullen and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

51.     Defendants' products were defective and unreasonably dangerous in their design and manufacture because they were unsafe and posed a risk of harm, including death, when used by an ordinary consumer in an intended or reasonably foreseeable manner.

52.     Defendants' products were defectively designed because there was a feasible way to use a different design to make the product safer, and an ordinary consumer would expect the defendant to have used that different design.

53.     Defendants' product was also defectively designed in that, among other things, Defendant:

(a)     Failed to adopt a practical, feasible, and otherwise reasonable alternative design that was safer, that could have been reasonably adopted and that would have prevented or substantially reduced the risk of harm to individuals such as Plaintiff Richard W. Fullen, without substantially impairing the usefulness, practicality or desirability of Defendants' products; and

(b)     Used a design that was so unreasonable that a reasonable person aware of the relevant facts would not use or consume products of this design.

54.     Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos-containing products into the stream of commerce knew, or in the exercise of reasonable care should have known, about the risks associated with its products.

55.     Defendants' products were additionally unreasonably dangerous because they:

(a)     failed to contain adequate cautions, warnings, and/or hazard statements and/or explanations which should have been designed to provide Plaintiff Richard W. Fullen knowledge about the hazards caused by exposure to Defendants' products and how to eliminate such hazards; and

(b)     failed to contain adequate product inserts, informative brochures, posters and/or other written materials which should have been designed to provide

17

Plaintiff Richard W. Fullen knowledge about the hazards caused by exposure to Defendants' products and how to eliminate such hazards.

56.     The products in question were defective at the time they left the control of the Defendants.

57.     Defendants' asbestos-containing products were defective in their design, manufacture and/or because they lacked an adequate warning about the hazards posed to the consumer, and the products were not substantially changed before they reached Plaintiff Richard W. Fullen.

58.     Defendants' products were a proximate cause of Plaintiff Richard W. Fullen's development of mesothelioma as a consequence of which, through no fault of his own, he was severely injured, disabled and damaged.

59.     As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

## THIRD CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

60.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

61.     The Defendants impliedly warranted that said asbestos products were of good and merchantable quality and fit for their intended use.

62.     The implied warranty made by the Defendants that the asbestos-containing products were of good and merchantable quality and fit for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein Plaintiff Richard W. Fullen was in the vicinity of asbestos-containing products.

63.     As a direct and proximate result of the breach of implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff Richard W. Fullen developed an illness, to-wit: mesothelioma.

64.     As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

## FOURTH CAUSE OF ACTION
## PUNITIVE DAMAGES

65.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

66.     The Defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the asbestos-containing products were hazardous to the health and safety of Plaintiff Richard W. Fullen and others in the Plaintiff's position, and prompted by pecuniary motives, the Defendants ignored and failed to act upon said medical and scientific data and deprived the public, and particularly the users, of said medical and scientific data, depriving them therefore of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants.  As a result, Plaintiff Richard W. Fullen was severely damaged as is set forth below.

67.     The acts and omissions of the Defendants as hereinabove set forth were willful, wanton and reckless, and evinced a conscious disregard for the safety of Plaintiff Richard W. Fullen and others similarly situated at a time when the Defendants had knowledge, or should have had knowledge of the dangerous effects of asbestos-containing products upon the body of human beings, including Plaintiff Richard W. Fullen and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge

that it was being used and would be used in the future to the detriment of the health of Plaintiff Richard W. Fullen and others similarly situated, and Plaintiffs are thereby entitled to punitive damages.

68.     Accordingly, as a result of the Defendants' conduct which was willful, wanton and reckless and in total disregard for the health and safety of the user or consumer such as Plaintiff Richard W. Fullen, Plaintiffs therefore seek punitive damages against Defendant.

**FIFTH CAUSE OF ACTION**
**LOSS OF CONSORTIUM**

69.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

70.     The Plaintiffs were married at the time that Richard W. Fullen was injured and remain married to this day.  As a result of the injuries suffered by Richard W. Fullen, the Plaintiffs have suffered loss of consortium.  The loss of consortium was caused by the aforementioned conduct of the Defendants.

**DAMAGES**

71.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

72.     As a result of the above-alleged conduct of the Defendants, Plaintiff Richard W. Fullen developed mesothelioma, as a consequence of which he has sustained damages including, but not limited to:

> (a)     hospital and medical expenses incidental to Plaintiff Richard W. Fullen's illness;
>
> (b)     loss of earnings and future earning power of Plaintiff Richard W. Fullen;
>
> (e)     loss of Plaintiff Richard W. Fullen's general health, strength, and vitality;

(c)      loss of pecuniary contributions to the heirs of Plaintiff Richard W. Fullen;

(d)      loss of consortium, society, aid, companionship and services to the heirs of

Plaintiff Richard W. Fullen;

(e)      future loss of consortium, society, aid, companionship and services to the

heirs of Plaintiff Richard W. Fullen;

(f)      pain and suffering of Plaintiff Richard W. Fullen;

(g)      all other damages recoverable under applicable law.

WHEREFORE, Plaintiffs pray for judgment against the Defendants for actual and punitive damages, lost wages and special damages in an amount to be determined by the trier of fact, in excess of $75,000.00 plus interest as provided by law and the costs of this action.

**<u>PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.</u>**

This 25th day of January, 2017.

**BROWN & GOULD, LLP**

*/s/ Daniel A. Brown*
Daniel A. Brown (Bar No. 14360)
Eileen M. O'Brien (Bar No. 16535)
7316 Wisconsin Avenue, Suite 200
Bethesda, MD  20814
Tel: 301-718-4548
dbrown@bgklawfirm.com
eobrien@bgklawfirm.com

**MATTHEW E. KIELY, LLC**

*/s/ Matthew E. Kiely*
Matthew E. Kiely (Bar No. 01706)
201 North Charles Street
Suite 1200
Baltimore, Maryland 21201
(410) 625-9330
mkiely@bgklawfirm.com

**ATTORNEYS FOR THE PLAINTIFF**