**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Southern Division)

| | |
|---|---|
| RICHARD W. FULLEN, et ux., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : Civil Action No. 8:17-cv-00207-GJH |
| 3M COMPANY, et al., | : |
| | : |
| Defendants. | : |
| | : |

**SCHEDULING ORDER**

    This scheduling order is being entered as agreed upon by the parties.  Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office.  Any party who believes that any deadline set forth in this Scheduling Order is unreasonable may request in writing a modification of the Order or that a conference be held for the purpose of seeking a modification of the Order.

    This case is subject to electronic filing.  Please familiarize yourself with the procedures for electronic filing available at: www.mdd.uscourts.gov.  You must use the electronic filing system for filing documents with the Clerk and sending case related correspondence to chambers.  **When you electronically file a document that, including attachments, is 15 pages or longer, you must also provide me a paper copy of the document and a paper copy of the notice of electronic filing.**  The paper copy should be sent to the Clerk's Office, not directly to my chambers.

## I. DEADLINES

| | |
|---|---|
| 3/09/18 | Plaintiffs identify all product identification fact witnesses who may testify at trial. Plaintiffs specify and provide addresses for witnesses whom Plaintiffs cannot voluntarily produce for deposition without a subpoena from Defendants. This does not include treating physicians. |
| 3/12/18 | Last day to file cross- and/or third-party complaints without first obtaining leave of court. |

| | |
|---|---|
| 4/23/18 | Plaintiffs identify all non-product identification fact witnesses and Defendants identify all fact witnesses who may testify at trial and specifically designate those witnesses who will offer product identification information and/or asbestos content information.  Each party shall specify and provide addresses for witnesses whom they cannot voluntarily produce for deposition without a subpoena. |
| 6/11/18 | Plaintiffs produce to Defendants all medical imaging and pathology materials in their possession or control. |
| 7/16/18 | Fact discovery deadline for depositions of product identification/asbestos content witnesses. |
| 7/23/18 | Last day for Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) |
| 9/17/18 | Last day for Defendants' expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) |
| 11/2/18 | All discovery closed; submit joint status report (see below). |
| 11/16/18 | Last day to file dispositive motions. |
| 12/7/18 | Last day for filing any opposition to pending dispositive motions. |
| 12/21/18 | Last day for filing any reply in support of pending dispositive motions. |

## II.  DISCOVERY

**A.     Initial Disclosures**

This case is exempted from the requirement that Fed. R. Civ. P. 26(a)(1) disclosures must be made, except as set forth above.  The parties' fact witness disclosures set forth above are subject to the supplementation requirements set forth in Fed. R. Civ. P. 26(e)(1).

**B.     Discovery Conference**

This action is exempted from the requirements of the first sentence of Fed. R. Civ. P. 26(d) and from Fed. R. Civ. P. 26(f).  However, you are encouraged to confer with one another immediately in order to: (a) identify the issue(s); (b) set a discovery plan; (c) determine if the case can be resolved before your clients incur further litigation expense; and (d) establish a cordial professional relationship among yourselves.

C. **Procedure**

All the provisions of Local Rule 104 apply, including the following:

a. All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

b. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in u general extension of the discovery deadline.

c. No discovery materials, including Rule 26(a)(2) disclosures, should be filed with the court.

d. Motions to compel shall be filed in accordance with Local Rule 104.8 and the applicable CM/ECF procedures.

e. Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you

D. **Electronic Service of Discovery Materials**

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties have consented to electronic service of discovery materials; accordingly, all discovery materials may be served on counsel for the parties via electronic means.

### III. JOINT STATUS REPORT

On or before the discovery deadline set forth above, the parties shall file a status report covering the following matters:

a. Whether all discovery has been completed, and if not, what discovery remains to be completed;

b. Whether any motions are pending;

c. Whether any party intends to file a dispositive pretrial motion;

d. Whether the case is to be tried by jury or non-jury and the anticipated length of trial;

    e.      A certification that the parties have met to conduct serious settlement negotiations; and the date, time, and place of the meeting and the names of all persons participating therein;

    f.      Whether all parties believe it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

    g.      Whether all parties consent, pursuant to 28 U.S.C. § 626(c), to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

    h.      Any other matter which you believe should be brought to the Court's attention.

## IV. DISPOSITIVE PRETRIAL MOTIONS

Given the number of parties in this case, Local Rule 105.2(c) shall not apply to this case.

After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

## V. PRETRIAL CONFERENCE

I will schedule a pretrial conference after the status report has been filed, unless that report indicates that one or more of you intends to file a dispositive pretrial motion. In the latter event, I will not set a pretrial conference until after I have ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

The pretrial order shall be submitted seven (7) days before the pretrial conference is held. Counsel shall comply with Local Rule 106, as to submission and contents of the pretrial order.

At the pretrial conference I will set a deadline for submitting motions *in limine,* proposed *voir dire* questions and proposed jury instructions, and I will set a trial date.

## VI. ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases which are Appendix B to the Local Rules.

4

## VII. COMPLIANCE WITH LOCAL RULES AND CM/.ECF PROCEDURES

The court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.

## VIII. COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2 which has detailed requirements requiring the redaction of filings with this court that contain an individual's social security number, tax payer identification number, or birth date, the name of an individual known to be a minor, or a financial account number. It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008. For further information on the Judicial Conference Privacy Policy, see:  http://www.mdd.uscourts.gov/news/news/privacy_memo.pdf

Date: _____                    _____
George J. Hazel
United States District Judge