# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| RICHARD W. FULLEN and MICHELLE FULLEN, | * |
| Plaintiffs, | * |
| v. | Case No.: GJH-17-207 |
| 3M COMPANY, et al., | * |
| Defendants. | * |

## MEMORANDUM OPINION

Pending before the Court in this asbestos liability action are Defendant Velan Valve Corporation's ("Velan") Motion to Dismiss the cross claim of Parker-Hannifin Corporation ("Parker-Hannifin"), ECF No. 221, Defendant Parkin-Hannifin's Motion for Summary Judgment as to all claims, ECF No. 258, and Defendant Schneider Electric USA, Inc.'s ("Schneider") Motion for Summary Judgment as to all crossclaims and third-party claims, ECF No. 256. All three motions are unopposed. No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Motions shall be granted.

## I. STANDARD OF REVIEW[1]

On a motion to dismiss for failure to state a claim, crossclaims are evaluated under Fed. R. Civ. P. 12(b)(6). *See, e.g., EEOC v. Phase 2 Investments, Inc.,* 333 F. Supp. 3d 505, 513 (D. Md. 2018). Under this standard, the Court "must accept the factual allegations of the complaint

---

[1] The facts relied on herein are undisputed. For the purposes of the Motion to Dismiss, ECF No. 221, all facts and reasonable inferences are viewed in the light most favorable to the Parker-Hannifin. For the purposes of the Motions for Summary Judgment, ECF Nos. 256, 258, all facts and inferences are viewed in the light most favorable to the crossclaim and third-party Plaintiffs.

as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80.

Under Fed. R. Civ. P. 56, summary judgment is when the pleadings and evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). The burden is on the moving party to demonstrate that there exists no genuine dispute of material fact. *See Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). To defeat the motion, the nonmoving party must submit evidence showing facts sufficient for a fair-minded jury to reasonably return a verdict for that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## II.     DISCUSSION

On March 12, 2018, Parker-Hannifin filed a crossclaim against all of the other defendants in this action. ECF No. 200. In that crossclaim, Parker-Hannifin alleged that if any of the plaintiffs "are adjudicated to have sustained any damages as averred in their Complaints, such damages have been caused solely by or contributed by the mistake, intentional acts, omissions, or primary, active negligence of the Cross-Defendants." *Id*. ¶ 2. But the three-paragraph crossclaim offers no further detail or factual support for these allegations. Because the crossclaim contains only a "naked assertion[] devoid of further factual enhancement," it is dismissed. *See Iqbal*, 556 U.S. at 678.

To survive a motion for summary judgment in an asbestos liability case, a plaintiff must "introduce evidence which allows the jury to reasonably conclude that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result." *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162 (4th Cir. 1986). To establish this reasonable inference, the plaintiff must offer some "evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the Plaintiff actually worked." *Id*. at 1162-63. Both Parker-Hannifin and Schneider aver that discovery has produced no evidence linking any of their products to Mr. Fullen's injury in this case. Because no party has responded to the contrary, Parker-Hannifin and Schneider's Motions for Summary Judgment will be granted.

## III. CONCLUSION

Velan's Motion to Dismiss, ECF No. 221, is granted. Parker-Hannifin and Schneider's Motions for Summary Judgment, ECF Nos. 256, 258, are granted. A separate Order shall issue.

Date: <u>February 11, 2019</u>　　　　　　　　　　<u>　　　　/s/　　　　　　　　　</u>
GEORGE J. HAZEL
United States District Judge