IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD W. FULLEN and<br>MICHELLE FULLEN, his wife, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | | CASE NO.: 8:17-CV-00207-GJH |
| | * | |
| 3M COMPANY, *et al.*, | * | |
| | | |
| Defendants. | * | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT LOCKHEED MARTIN
CORPORATION'S MOTION FOR DETERMINATION OF GOVERNING LAW**

**I.    Introduction**

In its brief, Defendant, Lockheed Martin Corporation ("Lockheed"), does not and cannot dispute that, under Maryland's Choice of Law Rules, the law of the place of the harm governs. Instead, Lockheed argues that Plaintiffs' notice of their intent to rely on English law, submitted to the court on July 29, 2019 in the Joint Status Report, was too late. For the reasons set forth below, Lockheed's Motion asking this court to apply Maryland substantive law to Plaintiffs' claims must be denied.

**II.    Argument**

**A.    Under Maryland's Choice of Law Rules, the Law of England Should be Applied.**

It is axiomatic that a federal court sitting in diversity jurisdiction, as exists in this case,[1] must apply the substantive law of the forum, including the choice of law rules of the forum. *See Seabulk Offshore, Ltd. V. American Home Assur. Co.*, 377 F.3d 408, 418 (4th Cir. 2004) (citing,

---

[1] *See* Complaint at ¶26, ECF No. 1, alleging diversity jurisdiction.

1

*Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)); *see also Nordstrom, Inc. v. Schwartz*, No. GJH-18-3080, 2019 WL 4221475, at *6 n. 3 (D. Md. September 5, 2019).

It is similarly well known by those who practice law in this state that Maryland is one of the few remaining jurisdictions that adheres to the Restatement (First) of Torts doctrine of *lex loci delicti* – the law of the place of the harm – as opposed to the Restatement (Second) of Torts' most significant relationship test. *See Laboratory Corp. of America v. Hood*, 395 Md. 608, 615, 11 A.2d 841, 845 (2006). Thus, "when a Maryland state court is confronted with multistate tort litigation, the court must apply the law of the place of injury as to all matters of substantive law." *Lewis v. Waletzky*, 422 Md. 647, 657, 31 A.3d 123, 129 (2011) (citations omitted).

In this case, the forum jurisdiction has no connection whatsoever to the place of the injury sustained by Mr. Fullen but rather is where Lockheed is domiciled and subject to personal jurisdiction. As set forth below, all parties have been on notice since the end of 2017 that the overwhelming bulk of Mr. Fullen's exposures to asbestos-containing components on various C-130 aircraft manufactured by Lockheed occurred in England while he was stationed at RAF Mildenhall Air Force Base. This has been neither a secret nor a surprise. In their interrogatory responses served on November 28, 2017, Plaintiffs stated:

> Plaintiff was exposed to asbestos while serving as an aircraft mechanic in the United States Air Force. Plaintiff did his basic training at Lackland AFB in 1994 for about 6 weeks. From there he went to Shepard AFB where he started learning the basics of how to work on aircraft. Prior to his overseas deployment in January of 1995, Plaintiff went to Hurlburt Field in Florida for two weeks where he trained on special operations C-130s in preparation for his overseas deployment to serve in England during the Bosnian conflict. **From 1995 to 1999, Plaintiff was stationed at RAF Mildenhall for 4 years where he worked exclusively on C-130's the entire time.** When he returned to the United States in 1999, Plaintiff was stationed at Edwards AFB in Palmdale, California where he worked on F-15s every day until 2001 when he went into recruiting for the Air Force.

*See* excerpt from Plaintiffs' Answers to Defendants' Master Interrogatories, Answer to Interrogatory No. 88, at pp. 28-29 (emphasis added), copy attached hereto as Exh. 1. Subsequently, over the course of four days of deposition conducted from December 12 through December 15, 2017, Mr. Fullen testified extensively regarding his exposures to asbestos dust from his maintenance work on Lockheed-manufactured C-130 aircraft while in England.[2]

The Maryland Court of Appeals has held that, in asbestos cases such as this one, the claimant's "injury" occurs upon exposure to asbestos. *Duffy v. CBS Corp.*, 458 Md. 206, 231, 182 A.3d 166, 180 (2018) ("We have determined, therefore, with respect to the development of asbestos-related diseases, 'bodily injury occurs when asbestos is inhaled and retained in the lungs.'") (citation omitted); *see also John Crane v. Scribner*, 369 Md. 369, 391, 800 A.2d 727, 740 (2002) (adopting the "exposure" approach to determining when an asbestos-related injury occurs because upon inhalation of the asbestos fibers "there is, in fact, an injury."). In this case, Mr. Fullen was exposed to asbestos components on Lockheed-manufactured C-130 aircraft while stationed in England and, thus, he sustained bodily injury in England. Accordingly, under Maryland's choice of law rules, English law applies to the substantive matters of law in this action. Conversely, the notion that Maryland substantive law could apply to Plaintiffs' claims against Lockheed has no footing based on the evidence adduced, with discovery now nearly completed.[3]

---

[2] Mr. Fullen also testified that while in England he occasionally received temporary duty assignments (TDY) to other locations where he worked on C-130 aircraft including Stuttgart, Germany, Brindisi, Italy, Hurlburt Field, FL, and Poland.

[3] Defendant IMO Industries Inc. (the only remaining defendant in the case aside from Lockheed) has adopted the arguments advanced by Lockheed in opposition to Plaintiffs' notice of intent to rely on English law. ECF 308. Mr. Fullen testified that he was exposed to asbestos from Adel Clamps -- for which IMO bears responsibility -- during his time in England while working on C-130s and, accordingly, the arguments advanced here apply with equal force to IMO. *See*, excerpt from Deposition of Richard Fullen, Vol. 2, dated December 13, 2017, pages 552-553, attached hereto as Exh. 2.

**B.     Plaintiffs' Notice of Intent to Rely on English Law was Reasonable and Timely.**

Lockheed complains that Plaintiffs have waited too long to raise the issue of foreign law – implicitly suggesting that it has been unfairly surprised by the notice.[4]  In furtherance of this suggestion, Lockheed highlights a series of events that have transpired thus far in the case (*see* Lockheed Mem. at 2-3).  Despite Lockheed's protestations to the contrary, none of those events merited any discussion of foreign law.

Choice of law issues are commonplace in asbestos actions, understandably, as a plaintiff may be exposed to different asbestos materials manufactured by different defendants in different jurisdictions during his career. Typically, the choice of law argument is advanced for the first time at the dispositive motions stage because various defendants drop out of the case and only the remaining parties need be concerned with the issue of which substantive law might apply to a particular set of asbestos exposures.  In this case, by way of example, Mr. Fullen was stationed in different jurisdictions, including England and California.  However, since the filing of the initial Complaint, many defendants have been voluntarily dismissed and, in one instance, Plaintiffs notified the court that they would not oppose a motion for summary judgment filed by Defendant Parker-Hannifin [ECF 263] and the motion was not opposed by any cross defendant.  Application of foreign law was wholly irrelevant to the issues raised by Parker-Hannifin because Plaintiffs, ultimately, were unable to sustain their burden of proof that Mr. Fullen was, in fact, exposed to an asbestos product for which Parker-Hannifin bore responsibility.  Two other unopposed motions for summary judgment were filed by PPG Industries, Inc. and Schneider Electric USA, Inc. strictly as to crossclaims [ECF 174 and 256, respectively], and only after Plaintiffs had previously

---

[4] Any notion of unfair surprise is belied not just by the evidence adduced in the case but by the fact that undersigned counsel and counsel for Lockheed discussed the choice of law issue months ago at a break during the deposition of one of Lockheed's corporate designees.

dismissed those defendants because they were unable to satisfy product identification. Again, neither circumstance implicated any choice of law issues.

Lockheed also seeks to make hay of the fact that it filed, referencing Maryland law, an effectively unopposed motion to dismiss Plaintiffs' Count IV for punitive damages[5] (*see* Lockheed Mem. at 2) at the outset of the case in October of 2017 -- before Plaintiffs filed responses to interrogatories and before Mr. Fullen was deposed. The same motion was initially filed in February of 2017 [ECF 9] and then refiled to address Plaintiffs' Third Amended Complaint. This Court issued a letter Order [ECF 152] noting that the motion was unopposed and dismissing the claim for punitive damages without prejudice.

Initially, at that early phase of the case, it was not clear what the evidence, in particular, Mr. Fullen's deposition testimony, would demonstrate. But more importantly, as to the issues of punitive damages, Lockheed benefits from application of English law as punitive damages are not recoverable in England, subject to limited exceptions not applicable based on the facts adduced here. Thus, if English law is applied, Plaintiffs may not renew their effort to secure punitive damages which were dismissed without prejudice. Clearly, no prejudice befalls Lockheed on this issue and there was no reason to raise the issue of foreign law at the outset of the case.[6]

Seeking to capitalize on what can, at worst, be described as a foot fault and, alternatively, as a non-event, Lockheed asserts that Plaintiffs have waived their ability to invoke foreign law by failing to provide notice, in writing, of their intention to do so earlier than July 29, 2019, when they did so in the Joint Status Report filed with the court. ECF 303. Lockheed notes appropriately

---

[5] Plaintiffs conceded that a claim for punitive damages is not an independent cause of action and asked that the court dismiss the claim without prejudice, which it did. ECF 138.

[6] Lockheed also references six instances in which the parties jointly sought to extend the discovery schedule. The application of foreign law was not relevant to any of the extensions of discovery sought, certain of which were precipitated by the fact that Lockheed was still producing responsive documents through May of 2019. *See* ECF 291.

that Rule 44.1 does not provide a specific time within which to provide notice and that notice need only be reasonable to avoid unfair surprise. Lockheed Mem. at 3.

While "written notice at trial may be reasonable if the issue was not apparent until then," as a general matter "a party should not be permitted to raise an issue of foreign law after the final pretrial conference described in Rule 16 has been held." *DP Aviation v. Smiths Industries Aerospace and Defense Systems Ltd.*, 268 F.3d 829, 846-47 (9th Cir. 2001) (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2444 (2d ed. 1995). The notice should be furnished "at a time that is reasonable in light of the interests of all parties and the court." *Id*. at 847. Consistent with the Advisory Committee Note, courts may consider (1) the stage at which the case has reached at the time of the notice; (2) the reason proffered by the party for his failure to give earlier notice; and (3) the importance to the case as a whole of the issue of foreign law sought to be raised. *Id*.

Here, the parties do not yet have a date for a pretrial conference and dispositive motions are not due until October 3, 2019 [per ECF 302 and 304] – more than two months after written notice was provided by Plaintiffs of their intent to rely on foreign law. In their status report of July 29, the parties indicated that discovery was "for the most part" completed, subject to a couple of outstanding issues. As to the first factor identified by the Advisory Committee (*supra*) – the stage of the case at the time of the notice – the status report furnishes reasonable notice to the parties and the court prior to dispositive motions being filed, and is an appropriate stage of the case in which to give notice. By this time, most of the factual evidence has been adduced, many of the parties have been dismissed, thus whittling down the issues, and there is no prejudice to a party that intends to file a dispositive motion.

As to the second factor mentioned above, it is unclear to Plaintiffs that the timing of notice under these circumstances should be characterized as a "failure" to provide earlier notice. True,

6

Plaintiffs' intention to rely on foreign law could likely have been raised earlier, although the test is not about how early it could have been raised but whether it is raised timely so as to avoid unfair surprise. Lockheed relies, in large part, on the *McKay* case from the Northern District of Alabama which it discusses and references at pages 4 through 6 of its memorandum. However, Lockheed omits to inform the court that, in *McKay*, the district court – *after* granting in part and denying in part the parties' competing motions for summary judgment – conducted a hearing on July 7, 2006 on the defendant's motion for reconsideration. At the hearing, the court vacated its earlier order and allowed for supplemental briefing. More importantly, at the July 7, 2006 hearing, the court observed that neither party had raised the issue of choice of law and asked for counsel's positions on the subject because it wanted to know which law should apply:[7]

> Plaintiff's counsel responded that Alabama law would apply and that Defendants had waived application of any other law. Defense counsel said the question was "tricky" and that they would "submit a quick brief" if law other than Alabama law applied. The court told the parties that "until I am advised of some authority that would require me to apply a law other than that of Alabama, that's what I am going to apply . . ." "[I]f there is some strong valid reason for the court to apply something other than the law of Alabama," the Defendants agreed to inform the court "right away." Defendants submitted nothing.

*McKay v. Tracor, Inc., et al.*, No. CV-03-BE-0590-W, 2007 WL 9711952, at *2 (N.D. Ala. Oct. 26, 2007). The *McKay* court thereafter, on August 18, 2006, denied both motions in their entirety and denied further reconsideration. *Id*. Almost a year later, on the final dispositive motion deadline, Defendant moved for a determination of governing law. *Id*. It was under these circumstances that the court held there had been a waiver under Rule 44.1 observing, among other things, after engaging in "dueling motions for summary judgment, and multiple hearings,"

---

[7] While a federal court does not have a duty to do so, Rule 44.1 provides courts with broad authority to independently determine foreign law. *Baker v. Booz Allen Hamilton*, 359 F.Appx. 476, 481 (4th Cir. 2009) (citing *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 205-206 (1st Cir. 1988)).

including where the court had expressly raised the issue of choice of law and asked for help, the "Defendants failed to come forward as promised" and thus acquiesced in the application of Alabama law. *Id*. at *4.

The circumstances of this case are a far cry from those outlined in *McKay*.[8]

As to the third factor, the importance of foreign law, Lockheed aptly observes that, as to certain issues, there is no "false conflict" between Maryland and English law but, instead, a meaningful one. So, for example, while both English law and Maryland law permit for a negligence claim under the well-known negligence rubric (existence of duty, breach of the duty, resulting in injury proximately caused by the breach), Lockheed is correct in that, while Maryland would apply a cap on damages in this action, English law would not. This factor, standing alone, bears importantly on the case. Additionally, under Maryland law, Lockheed would seek to invoke the government contractor defense (which Plaintiffs would oppose), but under English substantive law there is no government contractor defense.[9]

As observed by the Second Circuit, a litigant must provide an opposing party with reasonable notice that an argument raising foreign law will be raised, "but the litigant need not flesh out its full argument at the Rule 44.1 stage." *Rationis Enterprises Inc. of Panama v. Hyundai Mipo Dockyard Co, Ltd.*, 426 F.3d 580, 586 (2nd Cir. 2005) (reversing District Court's finding of waiver of choice of law issue). The court in *Rationis* also commented that "Rule 44.1 is intended to assist the court with its work and the court is, of course, free to enlist the parties in the effort.

---

[8] Lockheed's reliance on the ruling in *Whirlpool Financial Corp. v. Sevaux*, 96 F.3d 216 (7th Cir. 1996) is similarly misplaced. In *Whirlpool*, the defendant did not raise the issue of applicability of foreign law until after summary judgment had been entered against him. Specifically, it was not until the defendant filed a cross-motion for reconsideration and re-argument of the court's summary judgment ruling that the defendant raised the issue of the applicability of foreign law. Those facts are in stark contrast to the facts in this case.

[9] Lockheed also complains that Plaintiffs now seek to avail themselves of a claim under the Consumer Protection Act 1987 (Eng); however, Plaintiffs are not advancing a claim under the Act.

Ultimately, the responsibility for correctly identifying and applying foreign law rests with the court." *Id.*

Some courts have gone so far as to suggest that no formal notice of the election of foreign law need be given. *See In re Griffin Trading Co.*, 683 F.3d 819, 822-823 (7th Cir. 2012) (holding statements in complaint referencing trading activity in London as the precipitating event and transfers of funds to a foreign entity was sufficient "to put all parties on notice that the transactions might be governed by foreign law."); *see also Kolb v. ACRA Control, Ltd.*, 21 F.Supp.3d 515, 527-528 (D. Md. 2014) (citing *In re Griffin* with approval and finding that Defendant had not waived foreign law when it argued for application of Irish law formally for first time at summary judgment, 16 months after it knew it would invoke Irish law) (Grimm, J.); *Hodson v. A.H. Robins Co.*, 528 F.Supp. 809, 824 (E.D. Va. 1981), *aff'd*, 715 F.2d 142 (4th Cir. 1983), *abrogated on other grounds*, *Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988) (applying English law under Virginia's *lex loci delicti* choice of law rules where injury occurred in England over objection that party failed to provide formal written notice per Rule 44.1, observing purpose of rule is "simply to avoid surprise.").

Under circumstances far more compelling in favor of waiver than the facts proffered and arguments advanced by Lockheed, other courts have found no waiver of Rule 44.1. *See, e.g.*, *Northrop Grumman Ship Systems, Inc. v. Ministry of Def. of Republic of Venezuela*, 575 F.3d 491, 496-497 (5th Cir. 2009) (holding district court abused its discretion in ruling that Rule 44.1 notice was inadequate where the Republic filed notice 18 months after moving to set aside earlier settlement of action); *Levin v. Dalva Bros.*, 459 F.3d 68, 72 (1st Cir. 2006) (holding district court did not abuse its discretion by permitting party to raise foreign law on first day of trial, but prior to "the court . . . issu[ing] any ruling on the issue."); *Mutual Service Ins. Co. v. Frit Industries,*

*Inc.*, 358 F.3d 1312, 1321 (11th Cir. 2004) (notice provided at pretrial was sufficient) (citing *DP Aviation v. Smiths Indus. Aerospace and Def. Sys. Ltd.*, 268 F.3d 829, 847 (9th Cir. 2001)).

**Conclusion**

Here, the court need not stretch or test the limits of Rule 44.1 as some of the courts above have done. Plaintiffs have provided more than adequate and reasonable notice of their intent to rely on English law. Accordingly, Lockheed's Motion should be denied.

Respectfully submitted,

*/s/ Daniel A. Brown*
Daniel A. Brown (Bar No. 14360)
Matthew E. Kiely (Bar No. 01706)
Eileen M. O'Brien (Bar No. 16535)
BROWN | KIELY LLP
4915 Saint Elmo Avenue, Suite 510
Bethesda, MD 20814
Tel: 301-718-4548
dbrown@brownkielylaw.com
mkiely@brownkielylaw.com
eobrien@brownkielylaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2019 a true copy of the foregoing Plaintiffs' Opposition to Lockheed Martin Corporation's Motion for Determination of Governing Law was served on all counsel *via* CM/ECF.

>*/s/ Daniel A. Brown*
>Daniel A. Brown