# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| RICHARD W. FULLEN and MICHELLE FULLEN, | * | |
| | * | |
| Plaintiffs, | | |
| v. | * | Case No.: GJH-17-207 |
| | * | |
| 3M COMPANY, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Richard S. Fullen was an aircraft mechanic in the United States Air Force from 1994 to 2016. ECF No. 128 ¶ 20. In May 2016, he was diagnosed with mesothelioma, which he developed through exposure to and inhalation, ingestion, and absorption of asbestos fibers. *Id.* ¶¶ 19–20. On January 1, 2017, he and his wife, Plaintiff Michelle Fullen, filed a Complaint against Defendants, all of which are companies that developed, manufactured, distributed and/or sold asbestos-containing products that Mr. Fullen encountered as an aircraft mechanic. ECF No. 1. They filed their First, Second, and Third Amended Complaints on January 25, July 17, and October 12, 2017, respectively. ECF Nos. 3, 112, 128. Plaintiffs allege claims of negligence, strict products liability, breach of implied warranty, punitive damages, and loss of consortium against all Defendants. ECF Nos. 1, 3, 112, 128. Several Defendants also filed cross-claims against the other Defendants, asserting their right to contribution if they are found liable. *See, e.g.*, ECF Nos. 23, 38, 65, 90, 96.

This Opinion and accompanying Order resolve Cross-Defendant Velan Valve Corporation's Motion for Summary Judgment as to All Cross-Claims and Third-Party Claims

1

Based Upon Lack of Product Identification ("Motion for Summary Judgment"), ECF No. 295, Plaintiffs' Motion to Strike Defendant Lockheed Martin Corporation's Designation of Matthew Morrison as a Fact Witness ("Motion to Strike"), ECF No. 300, and Defendant Lockheed Martin Corporation's Motion for Determination of Governing Law, ECF No. 305. No hearing is necessary for the resolution of any of these motions. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Cross-Defendant Velan Valve Corporation's Motion is granted, Plaintiffs' Motion is denied, and Defendant Lockheed Martin Corporation's Motion is granted.

I. **MOTION FOR SUMMARY JUDGMENT**

    A. **Relevant Background**

On May 15, 2019, Plaintiffs voluntarily dismissed their direct claims against Defendant and Cross-Defendant Velan Valve Corporation ("Velan"), leaving only the cross-claims pending against Velan. ECF No. 294. On June 4, 2019, Velan filed a Motion for Summary Judgment. ECF No. 295. This motion is unopposed.

    B. **Standard of Review**

"Under [Federal Rule of Civil Procedure] 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the non-moving party's case, the burden shifts to the non-moving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at

322–23. To defeat the motion, the nonmoving party must submit evidence showing facts sufficient for a fair-minded jury to reasonably return a verdict for that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### C. Discussion

To survive summary judgment in an asbestos liability case, "the plaintiff must introduce evidence which allows the jury to reasonably conclude that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the [plaintiff's injuries]." *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162 (4th Cir. 1986) (citing *Robin Express Transfer, Inc. v. Canton R.R.*, 26 Md. App. 321, 335 (Md. Ct. Spec. App. 1975)). To establish this reasonable inference, the plaintiff must offer "evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." *Id.* at 1162–63.

In its Motion, Velan asserts that there is no evidence that Mr. Fullen personally used any asbestos-containing product for which Velan is responsible, that a Velan product was frequently or regularly utilized in proximity to Mr. Fullen, or that Mr. Fullen otherwise came into contact with a Velan product, and there is no evidence that the use of any Velan product created respirable asbestos fibers or that Mr. Fullen subsequently inhaled those fibers. Because no party has responded to the contrary, Velan's Motion for Summary Judgment will be granted and any remaining claims or cross-claims against Velan will be dismissed. *See Whittaker v. David's Beautiful People, Inc.*, No. DKC 14-2483, 2016 WL 429963, at *3 n.3 (D. Md. Feb. 4, 2016) (considering claims to be abandoned where plaintiff did not respond to defendants' argument for summary judgment on those claims).

## II. MOTION TO STRIKE

### A. Relevant Background

Plaintiffs' claims against Defendant Lockheed Martin Corporation ("Lockheed") are based upon Lockheed's production of C-130 aircraft allegedly containing asbestos that caused Mr. Fullen's mesothelioma. *See* ECF No. 301-2. On April 5, 2018, the Court entered a Scheduling Order that set a deadline of April 23, 2018 for Lockheed's identification of fact witnesses. ECF No. 224 at 1.[1] By consent of the parties, this deadline was extended to May 7, 2018. ECF No. 242 ¶ 6; ECF No. 243.

On June 26, 2019, after the fact witness identification deadline had passed but before the final discovery deadline,[2] Lockheed served on Plaintiffs a Supplemental Designation of Fact Witnesses identifying two new fact witnesses – Matthew King, who would testify about Lockheed's "post production sustainment sales of C-130 components to the United States Government," and Matthew Morrison, who would testify about "the United States Military's supply chain, parts procurement procedures, the Federal Logistics Information System, WebFlis, FED LOG and related databases." ECF No. 301-1 ¶¶ 9, 10.

On July 13, 2019, Plaintiffs filed a Motion to Strike. ECF No. 300. Lockheed filed an opposition on July 26, 2019. ECF No. 301.

### B. Discussion

In their Motion, Plaintiffs contend that Lockheed was aware of the relevance of Mr. Morrison's proposed testimony prior to the fact witness designation deadline, and the late

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] At the time Lockheed served its Supplemental Designation of Fact Witnesses, the discovery deadline was June 13, 2019. ECF Nos. 291, 292. At the time Plaintiffs filed their Motion to Strike, the discovery deadline was July 29, 2019. ECF Nos. 298, 299.

designation is not substantially justified and will prejudice Plaintiffs. They ask that the Court therefore exclude Mr. Morrison's testimony.[3] In opposition, Lockheed argues that its designation came prior to the final discovery deadline and Plaintiffs have not identified any prejudice caused by the late disclosure that would warrant exclusion of Mr. Morrison's testimony.

Federal Rule of Civil Procedure 26(a) imposes a basic duty on parties to disclose certain information about individuals likely to have discoverable information in a case. Fed. R. Civ. P. 26(a)(1)(A)(i). Parties must also disclose certain information regarding evidence they plan to present at trial, including witnesses. Fed. R. Civ. P. 26(a)(3)(A)(i). Federal Rule of Civil Procedure 26(e) requires a party to supplement the Rule 26(a) disclosures in a timely manner if the initial disclosures are incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by [the discovery rules], the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).[4]

"District courts are accorded 'broad discretion' in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless." *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 190 (4th Cir. 2017) (quoting *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014)). Courts are guided by the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; (5) the nondisclosing party's explanation for its failure to disclose the evidence.

---

[3] Plaintiffs do not object to Mr. King's designation as a fact witness. ECF No. 300 ¶ 3.
[4] Plaintiffs do not cite the relevant provisions of the Federal Rules in their Motion. They simply state that Mr. Morrison's "late identification is not substantially justified and will cause prejudice to Plaintiffs," and Lockheed could have easily identified him earlier. ECF No. 300 ¶ 4. Because Plaintiffs' argument seems to track the language of Rules 26 and 37, the Court will assume these rules are the basis for Plaintiffs' argument.

*Id.* (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)).

Here, even assuming Lockheed violated Rule 26 by identifying Mr. Morrison after the deadline for designation of fact witnesses, these factors do not weigh in favor of excluding his testimony. First, Plaintiffs do not identify any surprise resulting from Lockheed's designation of Mr. Morrison as a fact witness, and Lockheed states in its opposition that it "has no objection to allowing Plaintiffs to depose Mr. Morrison on a mutually-convenient date." ECF No. 301 at 3. Plaintiffs therefore have ample opportunity to cure any surprise Lockheed's designation may have caused. *See Westmoreland v. Prince George's Cty., Md.*, 876 F. Supp. 2d 594, 602–3 (D. Md. 2012) (finding that opportunity to depose newly-identified witnesses cured surprise caused by late disclosure). Second, permitting Mr. Morrison's testimony will not disrupt trial because no trial date has yet been set. Third, although Plaintiffs do not address the relative importance of Mr. Morrison's testimony, Lockheed asserts that Plaintiffs intend to rely primarily on Mr. Fullen's "recollection of what he read in procurement databases … to identify and describe C-130 aircraft components he allegedly encountered [as an aircraft mechanic]." ECF No. 301 at 4. Mr. Morrison is apparently Lockheed's "most knowledgeable representative regarding the use of these databases during the relevant time-period." *Id.* Mr. Morrison's testimony is therefore relevant, and "the Federal Rules of Evidence presume the importance of relevant evidence." *Westmoreland*, 876 F. Supp. 2d at 603 (citing Fed. R. Evid. 402 and *Old Chief v. United States*, 519 U.S. 172, 186–89 (1997)). Finally, Lockheed explains that it did not designate Mr. Morrison earlier because it did not know of Mr. Morrison's identity and the relevance of his testimony until it began to locate corporate representatives capable of testifying about topics identified in Plaintiffs' Rule 30(b)(6) deposition notice. ECF No. 301 at 5. It explains further that it

designated Mr. Morrison while the depositions were ongoing. *Id.* This strikes the Court as a reasonable explanation for Lockheed's delay in identifying Mr. Morrison as a fact witness, especially considering Plaintiffs' failure to identify any prejudice that resulted from Lockheed's late designation. *See* ECF No. 300.

Because each of these factors weigh in Lockheed's favor, the Court declines to strike Mr. Morrison's testimony. Rather, the Court directs the parties to discuss whether a supplemental deposition of Mr. Morrison is necessary and, if so, to jointly propose an amended scheduling order for the sole purpose of conducting that deposition.

## III.  MOTION FOR DETERMINATION OF GOVERNING LAW

### A.  Relevant Background

During the early stages of this case, many claims and defendants were dismissed. *See, e.g.*, ECF Nos. 152, 212, 229, 230. Lockheed, specifically, filed a Motion to Dismiss Plaintiffs' Claim for Punitive Damages on October 23, 2017. ECF No. 133. Lockheed argued that punitive damages is not a separate cause of action and that Plaintiffs also failed to properly plead punitive damages under Maryland's "actual malice" standard. *Id.* at 4–5. It therefore asked the Court to dismiss the punitive damages claim with prejudice. Plaintiffs filed a response to Defendant's Motion on October 25, 2017. ECF No. 138. Plaintiffs conceded that punitive damages is not a separate cause of action, but argued that the Court should only dismiss the claim without prejudice so that it could later seek punitive damages if discovery revealed facts sufficient to meet the Maryland standard. *Id.* at 2. Notably, they also stated that Lockheed had asserted the improper standard for punitive damages in the context of a product liability case, and they cited a Maryland case for their proposed articulation of the standard. *Id.* On November 29, 2017, the

Court granted Lockheed's Motion to Dismiss Plaintiffs' Claim for Punitive Damages and dismissed that claim without prejudice. ECF No. 152.

On November 28, 2017, Mr. Fullen served responses to Lockheed's interrogatories in which he stated that he was stationed at RAF Mildenhall Air Force Base in England from 1995 to 1999, where he worked exclusively on C-130 aircraft manufactured by Lockheed. ECF No. 310 at 2; ECF No. 310-1 at 4. During his deposition between December 12 and 15, 2017, Mr. Fullen testified regarding his exposure to asbestos dust from his work on the C-130 aircraft while stationed in England. ECF No. 310 at 3; ECF No. 310-2.

On July 29, 2019, the parties filed a Joint Status Report. ECF No. 303. In the Status Report, Plaintiffs indicated their intent to rely on the law of England in their case against Lockheed, and Lockheed noted their objection to the application of foreign law. *Id.* at 3. On August 15, 2019, Lockheed filed a Motion for Determination of Governing Law. ECF No. 305. Plaintiffs filed a response on September 9, 2019, ECF No. 310, and Lockheed filed a reply on September 17, 2019, ECF No. 311.

### B. Discussion

In its Motion, Lockheed contends that Plaintiffs' notice of intent to rely on foreign law in the July 29, 2019 Status Report was unreasonable under Fed. R. Civ. P. 44.1, and it asks the Court to determine that forum law applies. It argues that the case is at a late stage, the Court has already relied on Maryland law in resolving numerous motions, the Plaintiffs knew in December 2017, at the latest, that the application of English law could be raised, and Lockheed expended its resources during discovery in an effort to meet the requirements of Maryland's substantive law. Plaintiffs agree that it was apparent in late 2017 that Mr. Fullen was injured by Lockheed's products while he was stationed in England, but they contend that it therefore should have come

as no surprise to Lockheed that Plaintiffs intended to raise issues of English law. They contend further that their notice was reasonable because foreign law did not merit discussion during the early stages of the case and any previous reliance on Maryland law was not necessary to the resolution of the pending motions.

### i. Federal Rule of Civil Procedure 44.1

Fed. R. Civ. P. 44.1 states: "A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." "[T]he party claiming foreign law applies carries both the burden of raising the issue that foreign law may apply in an action and the burden of proving foreign law to enable the district court to apply it in a particular case." *Baker v. Booz Allen Hamilton, Inc.*, 358 F. App'x 476, 481 (4th Cir. 2009). "Where a party fails to satisfy either burden, the district court should apply the forum state's law." *Id.* (citing *Ferrostaal, Inc. v. M/V Sea Phoenix*, 447 F.3d 212, 216 (3d Cir. 2006)).

The purpose of Rule 44.1's notice requirement is "[t]o avoid unfair surprise." Fed. R. Civ. P. 44.1 Advisory Committee's note. "In some situations the pertinence of foreign law is apparent from the outset," but "[i]n other situations [it] may remain doubtful until the case is further developed." *Id.* Rule 44.1 therefore "does not attempt to set any definite limit on the party's time for giving the notice of an issue of foreign law"; rather, the notice needs to be reasonable and provided as early as is practicable. *Id.*; *see also DP Aviation v. Smiths Indus. Aerospace and Def. Sys. Ltd.*, 268 F.3d 829, 849 (9th Cir. 2001) ("It is only fair to provide notice of potential application of foreign law as early as is practicable and, in any event, at a time that is reasonable in light of the interests of all parties and the court."). "The stage which the case had reached at the time of the notice, the reason proffered by the party for his failure to give earlier notice, and the importance to the case as a whole of the issue of foreign law sought to be raised,

are among the factors which the court should consider in deciding a question of the reasonableness of the notice." *Id.*

### ii. Plaintiffs' Rule 44.1 Notice

The Court agrees with Lockheed that Plaintiffs' Rule 44.1 notice was unreasonable and that, as a result, forum law applies to this case. First, this case is at a late stage. Discovery is essentially complete, and the deadline for filing dispositive motions is approaching.

Importantly, permitting Plaintiffs to raise an issue of English law at this point in the case would cause the unfair surprise that Rule 44.1 was intended to prevent because Plaintiffs have relied on Maryland law up until this point. *See* Fed. R. Civ. P. 44.1 Advisory Committee's note. In their response to Lockheed's Motion to Dismiss Claim for Punitive Damages, Plaintiffs stated that Lockheed had asserted the improper standard for punitive damages in a case such as this one, and then they cited to *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420 (1992), a Maryland case, for the articulation of the punitive damages standard that they preferred. ECF No. 138 at 2. They also asserted they should be able to seek punitive damages at a later date should discovery "reveal[] facts sufficient to meet the Maryland standard." *Id.* Plaintiffs' response to Lockheed's Motion to Dismiss strongly indicated to Lockheed and the Court that they intended to rely on Maryland law in prosecuting this case. Moreover, Plaintiff's initial inclusion of punitive damages, which are apparently unrecoverable under English law, *see* ECF No. 310 at 5, further communicated an intent to rely on Maryland law (or at least a lack of intent to rely on English law). It is unreasonable for Plaintiffs to give such an indication and then wait until the close of discovery to state a contrary intent to rely on foreign law.

Plaintiffs assert that their discussion of the appropriate standard for punitive damages was unnecessary to the resolution of Lockheed's Motion to Dismiss because the Motion was

essentially unopposed. Even so, Plaintiffs chose to raise the issue and cited to Maryland law for the appropriate standard, thus communicating an intent to rely on Maryland law. It was unreasonable for them to then wait until the close of discovery to correct any misconception that response may have raised. *See DP Aviation*, 268 F.3d at 849 (finding unreasonable delay in defendant's Rule 44.1 notice where defendant asked the court to apply English law to calculate prejudgment interest on its contract claim award when it had previously encouraged the court to apply Washington law to interpret the terms of the contract and gave no indication that English law might apply to the prejudgment interest issue).

Plaintiffs' proffered reasons for their delay in providing Rule 44.1 notice do not help their case. First, Plaintiffs contend that issues of foreign law were irrelevant to the early motions practice in this case and therefore there was no reason to provide notice. This argument is unpersuasive because when the application of foreign law becomes a "relevant" issue is not the appropriate inquiry under Rule 44.1. Rather, the standard is when the pertinence of foreign law becomes "apparent." Fed. R. Civ. P. 44.1 Advisory Committee's note; *see also McKay v. Tracor, Inc.*, No. CV-03-BE-0590-W, 2007 WL 9711952, at *5 (N.D. Ala. Oct. 26, 2007) (stating "the point from which reasonableness is measured should be the time at which the pertinence of foreign law is discovered").

With respect to when issues of English law became apparent, Plaintiffs proffer that it was initially "not clear what the evidence, in particular, Mr. Fullen's deposition testimony, would demonstrate" about the issues in this case. ECF No. 310 at 5. This proffer seems suspect. As Plaintiffs themselves note, Maryland courts apply the doctrine of *lex loci deliciti* – the law of the place of the wrong – to choice-of-law issues in tort actions. *See Erie Ins. Exchange v. Heffernan*, 399 Md. 598, 620 (2007). Given Plaintiffs' inclusion of Lockheed as a Defendant in all four

11

versions of the Complaint, Plaintiffs surely knew what asbestos-containing products were manufactured by Lockheed and where Mr. Fullen encountered those products. It seems unfathomable that they needed to wait until Mr. Fullen's deposition to uncover this information. Thus, whether English law would apply in this case is an issue that should have been apparent to the Plaintiffs from the beginning of the litigation, and so should have reasonably been raised earlier. *See McKay*, 2007 WL 9711952 at *5 (stating that whether foreign law "applied in this case is an issue that was capable of being raised from the very beginning of this litigation" where forum state also applied doctrine of *lex loci deliciti* in tort actions).[5]

Even if, however, Plaintiffs did not know that Mr. Fullen encountered Lockheed-manufactured products while stationed in England until his deposition in December 2017, *see* ECF No. 310 2–3, they should have more promptly raised the foreign law issue after that date. *See DP Aviation*, 268 F.3d at 847 (Rule 44.1 notice should be raised "as early as is practicable"). Plaintiffs provide no explanation for the delay between the December 2017 deposition and the July 29, 2019 Status Report, and although Rule 44.1 provides no definite time period in which to provide notice, the "reasonableness window" is smaller given Plaintiffs' earlier explicit reliance

---

[5] Plaintiffs encourage the Court to rely on cases in which Rule 44.1 notice was reasonable in later stages of litigation. Plaintiffs' cases are distinguishable in key respects, however, because they involve situations in which the relevance of foreign law was indicated in early pleadings, *see In re Griffin Trading Co.*, 683 F.3d 819, 822 (7th Cir. 2012) (plaintiff's complaint); *Northrup Grumman Ship Sys., Inc. v. Ministry of Def. of Republic of Venezuela*, 575 F.3d 491, 496–97 (5th Cir. 2009) (reply in support of motion to vacate settlement agreement); *Rationis Enters., Inc. of Panama v. Hyundai Mipo Dockyard Co., Ltd.*, 426 F.3d 580, 585–86 (2d Cir. 2005) (defendant's initial pleading); *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 527–28 (D. Md. 2014) (defendant's motion to dismiss), there was no problem of unfair surprise, *see Hodson v. A.H. Robins Co., Inc.*, 528 F. Supp. 809, 824 (no unfair surprise because defendants raised the issue of foreign law themselves and asked the Court to dismiss the complaint simply because plaintiffs had not included foreign law in the complaint), or there was no issue of Rule 44.1 waiver at all, *see Levin v. Dalva Bros., Inc.*, 459 F.3d 68, 72–73 (1st Cir. 2006) (discussing choice-of-law issues involving New York law and Massachusetts law); *Mutual Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1321 (11th Cir. 2004) (addressing whether party met burden of proving foreign law, not whether the party provided reasonable notice of foreign law issues). Here, the four versions of the Complaint contain no reference to English law, and Plaintiffs in fact indicated in an earlier stage of the case that they would rely on Maryland law, so there is an issue of unfair surprise given that prior indication.

on Maryland law and Lockheed's reasonable conception that Plaintiffs planned to continue to rely on Maryland law.[6]

Finally, even though both parties assert that there are important differences between English law and Maryland law, such as Maryland's statutory cap on damages and England's lack thereof, the Court finds that the prejudice to Lockheed should the Court apply English law at this late stage outweighs the importance of the issues of foreign law. The parties have litigated this case under the assumption that Maryland law applies, and Lockheed's "discovery may have taken a completely different route had [it] known from the outset that the court or a jury would evaluate [Plaintiffs'] claims under [English] law." *See McKay*, 2007 WL 9711952 at *5; *Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alimentari S.P.A.*, No. 08–cv–2540 (DLI)(JMA), 2013 WL 2154157, at *7 (E.D.N.Y. May 16, 2013) ("The selection of the governing law upon which a plaintiff proceeds is not an ace of spades to be held in counsel's hand until discovery has closed and then sprung on an unsuspecting adversary.").

Because the possible application of English law was apparent early in the litigation, Plaintiffs explicitly relied on Maryland law in the early stages of this case, and they failed to raise the issue of foreign law until the close of discovery, the Court finds, in its discretion, that Plaintiffs' July 29, 2019 notice was not reasonable under Fed. R. Civ. P. 44.1 and Plaintiffs have waived application of English law. This case will therefore proceed under Maryland law. *See Baker* 358 F. App'x at 481.

---

[6] Plaintiffs' argument that that Mr. Fullen's deposition and responses to interrogatories should have put Lockheed on notice of foreign law issues, and therefore the Rule 44.1 notice was not an unfair surprise, is misplaced. The burden is on the Plaintiffs to actually note their intention to raise issues of foreign law; the burden is not on Lockheed to guess whether Plaintiffs have changed their mind about the applicable law or determine whether they intend to raise foreign law issues. *See Baker*, 358 F. App'x at 481.

**IV.    CONCLUSION**

For the foregoing reasons, Velan's Motion for Summary Judgment is granted, Plaintiffs' Motion to Strike is denied, and Lockheed's Motion for Determination of Governing Law is granted. All remaining claims against Velan are dismissed, and this case will proceed under Maryland law. A separate Order shall issue.

Date: <u>October    15, 2019</u>   <u>     /s/                                       </u>
GEORGE J. HAZEL
United States District Judge